**Elizabeth J. Inayoshi, OSB 133929**
Law Office of Elizabeth J. Inayoshi LLC
330 NE Lincoln Street, Suite 200
Hillsboro, OR 97124
Voice: (971) 232-1230
Fax: (503) 214-7169
elizabeth@ejilaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHERYL SCOTT,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**PORTLAND COMMUNITY COLLEGE,** an Oregon municipal corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**Age Discrimination under the Age Discrimination in Employment Act – 29 U.S.C. §621** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cheryl Scott ("Dr. Scott" or "Plaintiff"), through her counsel, makes the following complaint against defendant Portland Community College ("PCC" or "Defendant"), alleging as follows:

///
///

1   COMPLAINT

## INTRODUCTION

Plaintiff brings this action for monetary and injunctive relief, including attorneys' fees and costs, to redress age discrimination to which Defendant subjected her by its wrongful failure to hire and termination of Plaintiff in violation of the Age Discrimination in Employment Act.

## NATURE OF THE ACTION

## JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION

1.

This court has jurisdiction of Plaintiff's claims for violation of the Age Discrimination in Employment Act, 29 U.S.C. §623 *et seq.*

2.

Jurisdiction is proper over the Plaintiff's claims arising under the laws of the United States under 28 U.S.C. § 1131.

3.

Venue is proper with the Portland District of the U.S. District Court of Oregon pursuant to 28 U.S.C. § 1391(b) and LR 3-2 because defendant PCC's principal place of business is in Multnomah County, because the cause of action arose in Multnomah County, and because plaintiff resides in Washington County, all of which are within this judicial district.

4.

Plaintiff's cause of action arose with her termination on December 10, 2021. She filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") on March 2, 2022, within the 180 days required by 29 U.S.C. § 626(d)(1)(A). Through the work share agreement

THE LAW OFFICE OF ELIZABETH J. INAYOSHI, LLC
330 NE LINCOLN STREET, SUITE 200
HILLSBORO, OREGON 97124
PH: 971-232-1230 /F: 503-214-7169
ELIZABETH@EJILAW.COM

between the EEOC and the Oregon Bureau of Labor and Industries ("BOLI"), the charge was immediately concurrently filed with BOLI. The EEOC sent Dr. Scott a Right To Sue notice on January 3, 2023, giving her 90 days or until April 3, 2023 to file a complaint in this court. BOLI sent Dr. Scott a Right To Sue notice on March 8, 2023 giving her 90 days to file suit in state court, fulfilling the requirement of 29 U.S.C. § 633(b) that a state action commence at least 60 days prior to filing this case.

**PARTIES**

5.

Plaintiff Cheryl Scott is a natural person, born on July 16, 1957, making her 64 years old at the time of her termination. During all times material to this action, Dr. Scott resided in the city of Tigard, Washington County, Oregon, and was employed by defendant PCC in the city of Portland, Multnomah County, State of Oregon.

6.

Defendant Portland Community College is, and at all times material to this action was, an Oregon municipal corporation, with its principal place of business in the city of Portland, Multnomah County, State of Oregon. PCC provides post-secondary educational services. At all times material to this action, PCC employed more than 20 employees for each working day in each of twenty or more calendar weeks and was an employer within the meaning of 29 U.S.C.§630.

///
///
///
///
///
///

**FACTUAL ALLEGATIONS**

7.

PCC first hired Cheryl Scott in April of 2004 as a "casual employee". It then hired her as a regular employee with the title of Division Dean in July of that year, at the age of 47, after a national search that reviewed close to 100 candidates. Over her tenure, she led many efforts to upgrade the services PCC provides, including developing a Retail Management certificate and degree, expanding the World Languages curriculum, internationalizing the curriculum, converting programs from in-person-only to online classes, establishing and driving the Rock Creek Art Collection advisory Council, supervising the Rock Creek Teaching Learning Center, and leading the efforts of PCC to become an "Achieve the Dream" college, among other achievements. In each of her evaluations, conducted every 5 years, she received the top 2 of 5 possible ratings in every category of the evaluation, often receiving the top rating in more than ¾ of the categories.

8.

Dr. Scott began teaching as part-time faculty in March of 2008. In 2012, PCC made her Interim Division Dean for Special Projects to facilitate the reorganization of the Rock Creek Campus instructional units, a massive undertaking that consumed approximately a year and changed the structure from 4 divisions to 5 divisions, and involved changing reporting structures, building another division space, and hiring additional people, amongst other responsibilities. At the end of that project, she returned to her role as a Division Dean. Then, in 2013, the college made her Interim Dean of Instruction of the Rock Creek Campus. In December 2014, after a national search, the college appointed her to the regular position of Dean of Instruction of the Rock Creek

THE LAW OFFICE OF ELIZABETH J. INAYOSHI, LLC
330 NE LINCOLN STREET, SUITE 200
HILLSBORO, OREGON 97124
PH: 971-232-1230 /F: 503-214-7169
ELIZABETH@EJILAW.COM

campus. In 2018, she was acting President of the Rock Creek Campus for a month while the position was vacant after the former president retired and before the new president had arrived.

9.

In June of 2017, Dr. Scott hired Jeremy Estrella as a Division Dean, reporting to her in his first management role. In the fall of that year, Dr. Scott participated in the hiring committee that hired Dr. Karen Paez as Dean of Instruction for Sylvania Campus.

10.

In early 2019, District President Mark Mitsui asked Dr. Scott to work with Ernst and Young Consulting on a plan to reorganize and design a new structure for Academic Affairs and Student Affairs for the college. Dr. Scott worked closely with the consultants and met with other Deans of Instruction from the other three campuses, the Deans of Student Affairs from all four campuses, as well as with many other people in leadership roles to develop the plans. In or around May of 2019, Dr. Katy Ho asked Dr. Scott not to replace any open dean positions as they occurred, but to distribute those duties to other deans. That approach allowed funding for any open positions to remain intact and to be redistributed as needed in the new structure. She repeatedly told the team that no one would lose their jobs, despite the drastic changes the plan recommended.

11.

As the reorganization process progressed, Mr. Mitsui told the deans that PCC would eliminate existing positions and would have a process to select the best employees for the new positions. He assured them, as had Dr. Ho, that no one would lose their jobs. However, Dr. Scott began to notice that various people began asking her when she planned to retire. As Dr. Scott

THE LAW OFFICE OF ELIZABETH J. INAYOSHI, LLC
330 NE LINCOLN STREET, SUITE 200
HILLSBORO, OREGON 97124
PH: 971-232-1230 /F: 503-214-7169
ELIZABETH@EJILAW.COM

intended to work until she was 70 years old, in reply she consistently indicated her desire to work for many more years.

12.

On February 10, 2020, Mr. Mitsui send out a campus-wide email describing the reorganization, with a reorganization timeline. A month later, Dr. Scott received her 5-year evaluation, in which her manager gave her the top rating in 23 out of 25 categories on the evaluation, with the other 2 categories at the 2nd highest rating. The evaluation frequently noted her leadership as a strong quality.

13.

In or around mid-September 2020, Dr. Katy Ho, the Vice President of Academic Affairs, and Dr. Heather Lang, the Interim Vice President of Student Affairs, submitted their Preliminary Design Report and Recommendations on Academic and Student Affairs Reorganization, with a draft organizational structure.

14.

Job postings and interviews began in the late fall of 2020. Dr. Scott applied for approximately five positions. With a Bachelor of Science in Sociology, a Master of Business Administration, a PhD in Education, her extensive experience in accounting, administration and teaching, and her long and highly successful experience at PCC as a dean, she anticipated being selected for one of the very senior positions, either the Associate Vice President of Academic and Career Pathways or Dean of Academic Affairs and Student Affairs Operations.

///
///
///
///

THE LAW OFFICE OF ELIZABETH J. INAYOSHI, LLC
330 NE LINCOLN STREET, SUITE 200
HILLSBORO, OREGON 97124
PH: 971-232-1230 /F: 503-214-7169
ELIZABETH@EJILAW.COM

15.

Around the time of these interviews, both Dr. Karen Paez (a woman in her early 40's) and Jeremy Estrella (a man in his very early 40's) again asked Dr. Scott, who was in her early 60's, when she planned to retire and when she planned to leave PCC. Again, Dr. Scott emphasized her desire to continue working for PCC for many years.

16.

PCC did not hire Dr. Scott for any of the positions for which she interviewed. After Dr. Ho gave her that decision, Dr. Scott asked why. Dr. Ho provided no feedback, and never again communicated with Dr. Scott.

17.

In early January 2021, Kurt Simonds was named Interim Executive Dean of Academic and Student Affairs Operations. PCC also promoted Jeremy Estrella, who Dr. Scott had hired to work for her as a first-level dean a scant 4 years previously, three levels to become the Associate Vice President of Academic and Career Pathways, although Mr. Estrella does not have a doctorate and had far less experience than Dr. Scott. Dr. Scott continued, temporarily, as the Dean of Instruction at Rock Creek Campus and was asked to take on as well a second role - Mr. Estrella's old full-time position as Division Dean of Social Science, Humanities, and Health.

18.

During the first half of 2021, Dr. Scott met with Dr. Paez several times, until the hiring process for the next round of positions started. Dr. Paez consistently praised Dr. Scott's work, including work on completing accreditation of the college. In March of 2021, the Division Dean

THE LAW OFFICE OF ELIZABETH J. INAYOSHI, LLC
330 NE LINCOLN STREET, SUITE 200
HILLSBORO, OREGON 97124
PH: 971-232-1230 /F: 503-214-7169
ELIZABETH@EJILAW.COM

of Math, Aviation, and Industrial Technology at Rock Creek Campus retired. PCC added that third, full-time set of responsibilities to Dr. Scott's plate.

19.

In May 2021, Dr. Scott applied for 4 of the 5 positions that now came open, positions at a level she had previously supervised and that would have meant a cut in pay. Dr. Paez and Mr. Estrella – the same people who had repeatedly asked when Dr. Scott planned to retire – led the interview process.

20.

On June 3, 2021, Dr. Scott was invited to a meeting to learn about the assignment of positions. When she arrived at the meeting room, she found Dr. Paez, Mr. Estrella, and Karol Ford, a Human Resources representative, waiting for her. Dr. Paez told Dr. Scott that they would not be assigning her a position and that they were laying her off. When Dr. Scott asked why, Mr. Estrella told her she was not a leader and no longer wanted at PCC.

21.

Dr. Scott was stunned by the announcement. She had helped hired Dr. Paez and throughout the reorganization planning, Dr. Paez praised her work. Dr. Scott had hired Mr. Estrella to work for her, helped develop him in his role, and gave Mr. Estrella excellent reviews – all of which ultimately helped him leapfrog over her in the reorganization. She was juggling 3 full-time roles at the behest of the College. She was shocked that having had the ability to lead so many progressive efforts to improve PCC's academic programs and administration, to handle so many and such diverse responsibilities at a senior level, and to develop junior deans into senior leaders,

THE LAW OFFICE OF ELIZABETH J. INAYOSHI, LLC
330 NE LINCOLN STREET, SUITE 200
HILLSBORO, OREGON 97124
PH: 971-232-1230 /F: 503-214-7169
ELIZABETH@EJILAW.COM

she was now, insultingly, being told by those same new leaders that she was not a leader and no longer needed.

22.

Dr. Paez gave Dr. Scott an official layoff letter on June 10, 2021. PCC reassigned her to report to Kurt Simonds and transferred her to Dean of Special Projects. In mid-August, PCC extended her layoff date to December 10, 2021, to give her 6 months' notice per PCC's policies.

23.

On information and belief, PCC had approximately 30 positions available in the reorganization. Although PCC had repeatedly promised that no employees would lose their positions in the reorganization, PCC nonetheless chose to lay off two people as a result of the reorganization: Dr. Matthew Altman, the Dean of Science and Technology at Rock Creek Campus, who was on FMLA leave; and Dr. Scott, who was the oldest and longest-serving dean at in the district, and the only senior leader laid off in Academic Affairs. Although PCC had these two senior, internal candidates available, it made six of the positions available for external hiring. The vast majority of the senior academic positions were filled by substantially younger and less experienced employees.

24.

PCC had no required retirement age for the academic or administrative positions at PCC Rock Creek Campus and would have had no valid, legal reason for any such requirement. PCC had no bona fide seniority system that would have allowed Dr. Scott's termination, and in any case, Dr. Scott was significantly senior to many of the employees who PCC hired or retained, and who took over her responsibilities. Dr. Scott had more experience and credentials than many of

THE LAW OFFICE OF ELIZABETH J. INAYOSHI, LLC
330 NE LINCOLN STREET, SUITE 200
HILLSBORO, OREGON 97124
PH: 971-232-1230 /F: 503-214-7169
ELIZABETH@EJILAW.COM

the employees who took over her responsibilities. PCC did not offer Dr. Scott a voluntary early retirement incentive plan. PCC was not observing the terms of any bona fide employee benefit plan that would permit PCC to terminate Dr. Scott involuntarily. PCC did not have good cause to discharge Dr. Scott, as she had an exemplary performance record.

25.

Defendant's conduct – repeatedly asking about Plaintiff's retirement, promising that no one would lose their jobs, refusing to hire her for jobs with responsibilities that used to report to her, telling her she was not a leader and was not wanted at PCC despite years of evaluations saying just the opposite, then laying off only an individual on FMLA leave and Plaintiff, the oldest and longest tenured dean -- demonstrates willful age discrimination.

26.

After her termination, Dr. Scott timely filed a charge of age discrimination with the U.S. Equal Employment Opportunity Commission on March 3, 2022, which was dual-filed with the Oregon Bureau of Labor and Industries. On January 3, 2023, the EEOC ended its investigation with no determination, and issued Dr. Scott a Right-To-Sue notice which gave her 90 days to file suit in federal court. On March 8, 2023, BOLI issued her a notice of administrative closure of her complaint and a Right-to-Sue notice which gave her 90 days to file in Oregon circuit court. However, Dr. Scott had not sent a tort claim notice to PCC, foreclosing her ability to file in state court, but leaving her with federal remedies. She exhausted her administrative remedies.

///
///
///
///
///
///

THE LAW OFFICE OF ELIZABETH J. INAYOSHI, LLC
330 NE LINCOLN STREET, SUITE 200
HILLSBORO, OREGON 97124
PH: 971-232-1230 /F: 503-214-7169
ELIZABETH@EJILAW.COM

## CLAIMS

### 1ST CLAIM FOR RELIEF
### AGE DISCRIMINATION - 29 U.S.C. §623(a)(1)

27.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

28.

At all times material to this action, Defendant employed more than 20 employees for each working day in each of twenty or more calendar weeks and was an employer within the meaning of 29 U.S.C.§630.

29.

At all times material to this action, Plaintiff was an employee of PCC within the meaning of 29 U.S.C. §630(f), and was a person over the age of 40, bringing her within the protections of the Age Discrimination in Employment Act per 29 U.S.C. §631(a).

30.

Defendant had neither a bona fide occupational qualification nor a reasonable factor other than age for failing to hire Plaintiff into a position within the reorganized Academic Affairs and Student Affairs, nor for then discharging her.

31.

Defendant discriminated against Plaintiff by unlawfully failing to hire Plaintiff because of her age into positions for which she was equally or better qualified than the candidates that Defendant hired for the newly-reorganized Academic Affairs and Student Affairs. Defendant

11 COMPLAINT

again discriminated against Plaintiff when it ultimately discharged Plaintiff because of her age. Defendant violated 29 U.S.C. § 623(a)(1).

32.

Plaintiff is entitled to all appropriate injunctive relief and other appropriate equitable relief, including, but not limited to, reinstatement. In the alternative, should reinstatement not be feasible, Plaintiff is entitled to an award of lost future wages and fringe benefits, including, but not limited to, reduced PERS benefits, in an amount that she would have earned up to the age of 70, in an amount to be determined at trial, but currently estimated at $1,082,335.

33.

As a direct and proximate result of Defendant's actions as alleged herein, Plaintiff has suffered economic losses in the form of backpay, lost benefits, and out-of-pocket expense, plus prejudgment interest, in an amount to be proven at trial but, as of the date of this filing, estimated at $195,260. Plaintiff's continues to accrue lost wages at a rate to be proven at trial, but not less than $16,910 per month. Plaintiff's lost benefits including, but not limited to, retirement contributions, continue to accrue at a rate to be proven at trial but not less than $319 per month.

34.

Because Plaintiff's wages have dropped drastically since her termination, the amount that Plaintiff will receive in Social Security benefits when she retires at age 70 will be reduced by an amount to be proven at trial, but estimated currently at no less than $371 per month (in current dollars) for the rest of her lifetime. Plaintiff is entitled to additional economic damages in the form of lost social security benefits.

///
///

12 COMPLAINT

35.

Plaintiff seeks an additional award of economic damages, in an amount to be determined at trial, to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over the remainder of her career.

36.

Defendant's discriminatory conduct was intentional and/or in reckless disregard of Plaintiff's rights under the law, constituting willfulness for the purposes of the ADEA, and thus entitles Plaintiff to a liquidated damages penalty equal to the amount of economic damages claimed.

37.

Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorney's fees and costs pursuant to 29 USC §216(b).

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial on all triable claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

1. An order reinstating Plaintiff's employment or, in the alternative, an award of lost future wages and fringe benefits through retirement in an amount to be determined at trial;

THE LAW OFFICE OF ELIZABETH J. INAYOSHI, LLC
330 NE LINCOLN STREET, SUITE 200
HILLSBORO, OREGON 97124
PH: 971-232-1230 /F: 503-214-7169
ELIZABETH@EJILAW.COM

2. an award of economic damages including lost wages and fringe benefits, prejudgment interest through trial, and reduced Social Security benefits, in an amount to be proven at trial;

3. an award of liquidated damages to be determined at trial;

4. an award of reasonable attorney fees and costs as allowed by 29 U.S.C. § 216(b); and

5. any other relief the Court deems just and equitable as per 29 U.S.C. § 626(b).

Respectfully submitted,

Date: March 27, 2023

*/s/ Elizabeth J. Inayoshi*
Elizabeth J. Inayoshi, OSB #133929
THE LAW OFFICE OF ELIZABETH J. INAYOSHI, LLC
330 NE LINCOLN ST, SUITE 200
HILLSBORO, OR 97124
971-232-1230
Elizabeth@ejilaw.com
*Attorney for Plaintiff*

14 COMPLAINT

**THE LAW OFFICE OF ELIZABETH J. INAYOSHI, LLC**
330 NE LINCOLN STREET, SUITE 200
HILLSBORO, OREGON 97124
PH: 971-232-1230 /F: 503-214-7169
ELIZABETH@EJILAW.COM